**In re Ernest Eugene THOMAS d/b/a Thomas Produce, Debtor.**

**John F. WEAVER, Trustee, Plaintiff,**

v.

**CITY OF KNOXVILLE, a municipal corporation, Victor Ashe, Mayor; Knoxville Police Department, Phil Keith, Chief; and Robert D. Lawson, Commissioner, Tennessee Department of Safety, Defendants.**

**Bankruptcy No. 93–30629.
Adv. No. 94–3153.**

United States Bankruptcy Court,
E.D. Tennessee.

March 20, 1995.

McCord & Troutman, P.C., C. Mark Troutman, Knoxville, TN, for plaintiff.

Lewis, King, Krieg & Waldrop, P.C., M. Edward Owens, Jr., Knoxville, TN, for defendants City of Knoxville and Knoxville Police Dept.

Charles W. Burson, Atty. Gen. and Reporter, Kathleen Ayres, Asst. Atty. Gen., Tax Div., Bankruptcy Unit, Nashville, TN, for defendants Robert D. Lawson, Com'r, and Tennessee Dept. of Safety.

### MEMORANDUM ON DEFENDANT CITY OF KNOXVILLE'S MOTION TO DISMISS AND ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

RICHARD S. STAIR, Jr., Chief Judge.

John F. Weaver, the Chapter 7 Trustee, commenced this adversary proceeding on November 17, 1994, asserting that the Defendants violated the automatic stay provisions of 11 U.S.C.A. § 362(a)(3) (West 1993 & Supp.1995). The alleged violations occurred when the Defendants seized a 1981 Mack Truck[1] from the debtor, Ernest Eugene Thomas, initiated postpetition forfeiture proceedings to obtain title to the truck, and, pursuant to a Civil Settlement of Seized Property and Order of Compromise and Settlement issued by the Tennessee Department of Safety, subsequently "collected"[2] the truck. The Trustee seeks to avoid this postpetition transfer under 11 U.S.C.A. § 549(a) (West 1993) and, pursuant to 11 U.S.C.A. § 550(a)(1) (West 1993), seeks to recover possession of the Mack Truck or its value, plus interest and costs.[3] The City of Knoxville

---

1. The parties refer to this vehicle as both a Mack Tractor and a Mack Truck. The court will use the term "Mack Truck" or "truck" to refer to the vehicle. The Trustee and the Defendant City of Knoxville, by written Stipulations filed January 19, 1995, stipulate that the Mack Truck is property of the estate.

2. The term "collected" is used by the parties in their January 19, 1995 Stipulations.

3. The Trustee, through his Complaint, also sought recovery of a Timpt Trailer. However, pursuant to the parties' Stipulations, the Timpt Trailer is not subject to this action because the debtor acquired it after the commencement of

filed a Motion to Dismiss on December 20, 1994, and the Plaintiff filed a Motion for Summary Judgment on January 19, 1995.[4]

The court dismissed the Knoxville Police Department as a Defendant by an agreed Order entered January 24, 1995, on the ground that the City of Knoxville is the proper party Defendant rather than the Police Department, which is only an agency of the City, having no separate legal existence. Robert D. Lawson, Commissioner, and the Tennessee Department of Safety were also dismissed by an agreed Order entered January 26, 1995, based on the parties' agreement that they were not transferees subject to the Trustee's avoidance powers under the Bankruptcy Code. The Plaintiff and remaining Defendant, City of Knoxville, filed joint Stipulations on January 19, 1995, and have submitted briefs on the Defendant's Motion to Dismiss and the Plaintiff's Motion for Summary Judgment. Pursuant to an Order entered January 9, 1995, the court will rule on the dismissal and summary judgment motions without oral argument, relying on the facts set forth in the parties' Stipulations.

▮▮▮ Pursuant to Fed.R.Civ.P. 56(c), made applicable to this adversary proceeding through Fed.R.Bankr.P. 7056, summary judgment is available only when a party is entitled to a judgment as a matter of law and

when, after consideration of the evidence presented by the pleadings, affidavits, answers to interrogatories, and depositions in a light most favorable to the nonmoving party, there remain no genuine issues of material fact. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. The factual dispute must be genuine. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989).

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (E) (West 1993).

I

When Ernest Eugene Thomas commenced his bankruptcy case under Chapter 7 on February 10, 1993, he owned a 1981 Mack Truck.[5] Thereafter, on May 12, 1993, the Defendant,[6] through its agent, the Knoxville Police Department, seized [7] the truck pursuant to Tenn.Code Ann. §§ 53–11–201 to –204, –451 (1991 & Supp.1994).[8] Upon the issuance of a Notice of Property Seizure and Forfeiture of Conveyances on or about June 2, 1993, and the debtor's request for a hearing, forfeiture proceedings were commenced. *See* Tenn.Code Ann. §§ 40–33–101 to –111 (1990 & Supp.1994) (current version at Tenn.

his bankruptcy case, resulting in its exclusion from property of the estate.

4. The Motion to Dismiss was filed by the City of Knoxville "for itself and for its instrumentality the Knoxville Police Department." As the Knoxville Police Department has been dismissed, the court will deem the Motion to Dismiss as having been filed solely by the Defendant City of Knoxville.

5. Although not specifically stipulated by the parties, the court takes judicial notice pursuant to Fed.R.Evid. 201 of the fact that the debtor did not disclose his interest in the Mack Truck in his bankruptcy schedules filed February 10, 1993. The Trustee asserts in his Brief filed January 19, 1995, that he learned of the Mack Truck sometime after the debtor received his discharge on May 26, 1993. The debtor's discharge was subsequently revoked by Default Judgment entered in another adversary proceeding, No. 94–3001, on August 24, 1994, upon motion by the Trustee. That adversary proceeding was grounded, in part, on the debtor's failure to properly disclose his interest in the Mack Truck.

6. All references hereinafter to the Defendant are to the City of Knoxville.

7. The terms "seized" and "seizure" are used herein to describe the confiscation of the truck on May 12, 1993. Under the Tennessee Code, property subject to forfeiture may be seized "upon process issued by any circuit or criminal court having jurisdiction over the property" or "without process ... if the seizure is incident to an arrest or a search under a search warrant." Tenn.Code Ann. § 40–33–102 (1990). The parties' briefs provide that the debtor was arrested on May 12, 1993, and imply that the seizure was incident to the debtor's arrest.

8. The Seizure Report recites that a 1986 "Olds Cutless," a 1981 Mack Truck, a 1980 Timpt Trailer, a cellular phone and charger, $14,970 in cash, and 80 pounds of marijuana were seized from the debtor. The Trustee claims an interest only in the 1981 Mack Truck.

Code Ann. §§ 40–33–101 to –214 (1990 & Supp.1994)).[9] These forfeiture proceedings resulted in the issuance of a Civil Settlement of Seized Property dated July 1, 1993, which recites that the debtor agrees to release the 1981 Mack Truck, among other things, to the Knoxville Police Department. The Tennessee Department of Safety issued a forfeiture order on July 7, 1993, entitled "Order of Compromise and Settlement," requiring, *inter alia,* that the truck "be forfeited to" the Knoxville Police Department.[10] The City of Knoxville, acting through the Knoxville Police Department, thereafter collected the 1981 Mack Truck, which is presently in its possession or under its control.

During the forfeiture proceedings, the Knoxville Police Department and the Tennessee Department of Safety were without notice of the debtor's bankruptcy case. The debtor did not disclose his bankruptcy case to the City of Knoxville or the Tennessee Department of Safety and failed to notify the Trustee of the seizure and forfeiture.[11] Rather, the debtor falsely claimed that he, instead of his bankruptcy estate, was the owner of the Mack Truck when it was seized by the Knoxville Police Department and throughout the forfeiture proceedings. Consequently, the Trustee was not a party to the forfeiture proceedings, and the Defendant did not obtain a modification of the automatic stay at any time before the Knoxville Police Department collected the 1981 Mack Truck pursuant to the Order of Compromise and Settlement.

**9.** The Tennessee Legislature enacted sections 40–33–201 to –214 of the Tennessee Code in 1994, setting forth procedures for the seizure and forfeiture of personal property, effective October 1, 1994. These sections are inapplicable to the issues in this adversary proceeding, especially given the Trustee's stipulation that he does not allege that there were any deficiencies in the state law proceedings.

**10.** Two forfeiture Orders were issued, only one of which relates to the 1981 Mack Truck. The Civil Settlement and Orders also require that the debtor forfeit a Timpt Trailer and $7,485 to the Knoxville Police Department, and that the Knoxville Police Department return a 1986 "Oldsmobile Cutlass," a cellular phone and charger, and $7,485 to the debtor. The Knoxville Police Department has fulfilled its obligation to return the specified items to the debtor.

The Plaintiff and the City of Knoxville have stipulated that they "make no allegations of bad faith except against the debtor and agree that the bankruptcy estate, the City of Knoxville, and the State of Tennessee are all the targets of fraudulent acts of the debtor." In addition, the Trustee "does not allege that there were any deficiencies in the state law proceedings. Rather, the [T]rustee solely alleges that such proceeding[s] violated the automatic stay imposed by 11 U.S.C. § 362[ (a)(3) ]." [12]

## II

Section 362 provides, in part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities,[13] of—

. . . .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

. . . .

(b) The filing of a petition under section 301 ... of this title ... does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor[.]

11 U.S.C.A. § 362 (West 1993 & Supp. 1995).[14]

**11.** *See supra* note 5.

**12.** The Trustee's Complaint specifically limits his action to § 362(a)(3).

**13.** The term "entities," as defined by the Bankruptcy Code, includes "governmental unit[s]." 11 U.S.C.A. § 101(15), (27) (West 1993).

**14.** Section 362(b) also provides for the following exceptions from the automatic stay:

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or pro-

■ The Defendant argues that the court lacks subject matter jurisdiction to set aside the Order of the Tennessee Department of Safety effectuating the forfeiture of the Mack Truck. To support its argument, the Defendant relies on *James v. Draper (In re James)*, 940 F.2d 46, 51–53 (3d Cir.1991), in which the court held that bankruptcy courts may not examine the merits of state court forfeiture proceedings when the proceedings are excepted from the automatic stay under § 362(b)(4) of the Bankruptcy Code. The *James* case is distinguished because it involved prepetition actions against a debtor's property and the proceedings were excepted from the stay under § 362(b)(4). Section 362(b)(4) is only applicable if the action was or could have been commenced prepetition.[15] *See* 11 U.S.C.A. § 362(a)(1) (West 1993 & Supp.1995). In the present case, the debtor's arrest, and the seizure, forfeiture, and collection of the truck occurred postpetition, thereby making the § 362(b)(4) exception inapplicable.

■ The Trustee asserts that the Defendant's postpetition actions violated the automatic stay. The court clearly has jurisdiction to determine whether a violation of the automatic stay, a core proceeding, occurred which is not excepted under § 362(b). *See* 28 U.S.C.A. § 157(b)(2)(G) (West 1993). Under the authority of the Sixth Circuit, if the Order of the Tennessee Department of Safety was entered in violation of the automatic stay, the Order will be "invalid and voidable and shall be voided absent limited equitable circumstances." *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir.1993).

Limited equitable circumstances are not present in this case. The Sixth Circuit has stated

> that only where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result, will the protections of section 362(a) be unavailable to the debtor.

*Id.* In the present case, the debtor withheld notice of the stay from the City of Knoxville and the State of Tennessee. However, the debtor is not attempting to use the stay as a shield; rather, the Trustee is using the stay to ensure that the debtor's creditors are not prejudiced by the postpetition seizure, forfeiture, and collection of property of the estate. *Cf. Job v. Calder (In re Calder)*, 907 F.2d 953, 956 (10th Cir.1990); *In re Smith Corset Shops, Inc.*, 696 F.2d 971, 977 (1st Cir.1982). Moreover, the parties have stipulated that they "make no allegations of bad faith except against the debtor and agree that the bankruptcy estate, the City of Knoxville, and the State of Tennessee are all the targets of fraudulent acts of the debtor." While the penalties for violating the automatic stay are minimized when a creditor is unaware of the debtor's bankruptcy, the protections of the automatic stay to the debtor, creditors, and property of the estate are no less applicable. *See* 11 U.S.C.A. § 362(h) (West 1993) (Actual damages shall be recoverable when there has been a "willful violation of a stay."); 11 U.S.C.A. § 542(c) (West 1993) (Turnover not required when a party, who might otherwise

---

ceeding by a governmental unit to enforce such governmental unit's police or regulatory power[.]

11 U.S.C.A. § 362(b)(4)–(5) (West 1993 & Supp. 1995). These exceptions are inapplicable to this proceeding because the Trustee's Complaint is grounded on § 362(a)(3) rather than § 362(a)(1) or (2). Further, the facts of this case do not lend themselves to allegations of a violation of § 362(a)(1), which stays "the commencement or continuation ... [of an] action or proceeding against the debtor that was or could have been commenced *before* the commencement of the case," or § 362(a)(2), which stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained *before* the commencement of the case." 11 U.S.C.A.

§ 362(a)(1), (2) (West 1993 & Supp.1995) (emphasis added).

In this case, the debtor commenced his bankruptcy case on February 10, 1993. The Knoxville Police Department arrested the debtor and seized the Mack Truck, among other things, on May 12, 1993. Forfeiture proceedings were commenced shortly thereafter. The Defendant has not asserted that the arrest, seizure, or forfeiture proceedings could have been made or commenced prior to February 10, 1993. Therefore, the court finds that § 362(b)(4) and (5) are inapplicable to determining whether the Defendant violated the automatic stay.

**15.** *See supra* note 14.

be compelled to turnover property of the estate, made a good faith transfer of that property to a third party with "neither actual notice nor actual knowledge of the commencement of the [debtor's bankruptcy] case."); *Smith v. First Am. Bank (In re Smith)*, 876 F.2d 524, 526–27 (6th Cir.1989) ("[N]otice is ordinarily irrelevant under section 362(a)," and "any equitable exception to the stay must be applied sparingly."). Therefore, if the court finds that the Defendant violated the automatic stay, the forfeiture Order issued by the Tennessee Department of Safety on July 7, 1993, will, to the extent it purports to declare a forfeiture of the 1981 Mack Truck, be deemed "invalid and voidable and shall be voided" to ensure that the Defendant does not profit from its violation of the automatic stay or from the fraudulent acts of the debtor at the expense of the bankruptcy estate and the debtor's creditors. *Easley*, 990 F.2d at 911.

█ The court agrees with the Trustee's assertion that the Defendant's postpetition seizure of the 1981 Mack Truck and subsequent actions to obtain title to the truck violated the automatic stay provisions as set forth in § 362(a)(3) of the Bankruptcy Code. The Defendant does not dispute that at the commencement of the debtor's bankruptcy case the debtor's 1981 Mack Truck became property of the estate, as defined by § 541 of the Bankruptcy Code, which provides that the "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case."[16] 11 U.S.C.A. § 541(a)(1) (West 1993).[17] Therefore, the forfeiture proceedings and the Defendant's efforts related thereto were actions "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." § 362(a)(3). See *Smith*, 876 F.2d at 525–27, for a general discussion of the automatic stay.

16. *See supra* note 1.

17. Section 541(b)–(d) sets forth certain exclusions from property of the estate, none of which are applicable to this case. 11 U.S.C.A. § 541(b)–(d) (West 1993 & Supp.1995).

18. *See supra* note 14.

The court concludes that the forfeiture proceedings and the Defendant's seizure and collection efforts can only be excepted from the automatic stay if it is determined that § 362(b)(1) is applicable. The Defendant argues in its Motion to Dismiss and supporting Memorandum that the Trustee's Complaint fails to state a claim upon which relief may be granted because the seizure, administrative proceedings, and forfeiture of the debtor's assets are excepted from the automatic stay as an exercise of police and regulatory power under 11 U.S.C.A. § 362(b)(4) (West 1993 & Supp.1995). In its response to the Trustee's summary judgment motion, the Defendant also argues that the exception of § 362(b)(1) is applicable to this case. The Trustee argues that neither § 362(b)(1) or (4) apply, relying on the argument that state forfeiture proceedings do not constitute criminal actions or proceedings against the debtor as required by § 362(b)(1) and that § 362(b)(4) does not except violations of the stay provisions set forth in § 362(a)(3). As previously discussed, the issue in this proceeding does not center on § 362(b)(4), and the court finds that § 362(b)(4) is inapplicable to determining whether the Defendant violated the automatic stay.[18]

█ The only issue left to resolve is whether the postpetition forfeiture proceedings and the related actions of the. Defendant, primarily through its agent, the Knoxville Police Department, are excepted from the stay under § 362(b)(1). Section 362(b)(1) will only except the forfeiture proceedings and the Defendant's actions from the automatic stay if they constitute "a criminal action or proceeding against the debtor." The court finds that the postpetition forfeiture proceedings were not actions or proceedings against the debtor. Rather, they were actions against property of the estate[19] that resulted in a decrease of the property of the

19. The court does not imply that the postpetition forfeiture proceedings were not actions against the debtor solely because they were *in rem* proceedings. Reliance on the "technical distinction between proceedings *in rem* and proceedings *in personam*" might be "misplaced." *Austin v. United States*, — U.S. —, — n. 9, 113 S.Ct. 2801, 2809 n. 9, 125 L.Ed.2d 488 (1993).

estate which will ultimately punish the creditors by enriching the seizing agency at the expense of the creditors. *See Goff v. Oklahoma (In re Goff),* 159 B.R. 33, 39, 42 (Bankr.N.D.Okla.1993); *see also Word v. Commerce Oil Co. (In re Commerce Oil Co.),* 847 F.2d 291, 296 (6th Cir.1988). Congress explicitly limited the § 362(b)(1) exception to "criminal action[s] or proceeding[s] against the debtor"; therefore, the court can not infer that Congress intended for § 362(b)(1) to except postpetition state forfeiture proceedings initiated against property of the estate because the proceedings are only related to the criminal acts of the debtor. *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) ("[W]here ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'") (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

The Supreme Court has stated that under rare circumstances, the court need not apply a literal interpretation of the Code if it " 'will produce a result demonstrably at odds with the intentions of its drafters.'" *Id.* at 242, 109 S.Ct. at 1031 (quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). Congress enacted § 362(b)(1) with the intent that the bankruptcy laws not become "a haven for criminal offenders." H.R.Rep. No. 595, 95th Cong., 1st Sess. 342 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6299. In this case, the restriction of postpetition forfeiture proceedings against property of the estate where the arrest and seizure occurred postpetition does not create "a haven for criminal offenders." Rather, during the time that the automatic stay is in place, such a restriction protects the property of the estate and prohibits the Defendant from profiting from its violation of the automatic stay and from the postpetition fraudulent acts of the debtor at the expense of the estate and the debtor's creditors. If, for some reason, the truck were to be re-

moved from the property of the estate and returned to the debtor, the restriction under § 362(a)(3) would no longer apply.[20]

■ Under the authority of the Sixth Circuit, the state forfeiture proceedings and resulting Civil Settlement of Seized Property dated July 1, 1993, and Order of Compromise and Settlement issued by the Tennessee Department of Safety on July 7, 1993, being in violation of the automatic stay provisions of § 362(a)(3), will be voided and deemed invalid with respect to the 1981 Mack Truck.

■ The Trustee seeks, through his Complaint, to avoid and recover the postpetition transfer to the Defendant under Bankruptcy Code §§ 549 and 550, which provide in material part:

(a) Except as provided in subsection (b) or (c) of this section [inapplicable herein], the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

11 U.S.C.A. § 549(a) (West 1993).

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section ... 549 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made[.]

11 U.S.C.A. § 550(a)(1) (West 1993). Under the Bankruptcy Code, a "transfer" is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property." 11 U.S.C.A. § 101(54) (West 1993).

---

20. For example, had the truck been abandoned by the Trustee or had the debtor claimed and been allowed the truck as exempt, the stay under § 362(a)(3) would no longer be in effect as the truck would be removed from the property of the estate. *See* 11 U.S.C.A. § 362(c)(1) (West 1993) ("[T]he stay of an act against property of the estate ... continues until such property is no longer property of the estate....").

**530**

For the reasons set forth above, the Plaintiff being entitled to a judgment as a matter of law, his Motion for Summary Judgment will be granted. The Defendant's Motion to Dismiss will be denied. A discussion of whether the term "criminal action or proceeding" as used in § 362(b)(1) encompasses state forfeiture proceedings is unnecessary. Further, the Plaintiff is entitled to avoid the transfer of the 1981 Mack Truck to the Defendant pursuant to § 549(a) and to recover the transferred property pursuant to § 550(a)(1). An appropriate judgment will be entered.