**In re Eddie FINLEY.**

**Eddie Finley, Plaintiff,**

**v.**

**State of Mississippi Department of Public Safety, Defendant.**

**Bankruptcy No. 99–40567.**
**Adversary No. 99–4026.**

United States Bankruptcy Court,
N.D. Mississippi.

March 11, 1999.

Carter Dobbs, Amory, MS, for plaintiff.

James Younger, Jr., Jackson, MS, for defendant.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for expedited relief filed in the above captioned adversary proceeding by the debtor, Eddie Finley; response to said motion having been filed by the defendant, State of Mississippi Department of Public Safety; a motion to intervene having been filed by Val–U Sales and Leasing, Inc., a secured creditor; on proof in open court; and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (E).

## II.

On January 26, 1999, the debtor, Eddie Finley, was arrested and charged with a third offense of driving under the influence (DUI). A statute, pertinent to this proceeding, is § 63–11–30(2)(c), Miss.Code Ann., which provides as follows:

(c) Except as otherwise provided in subsection (3), for any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony and fined not less than Two Thousand Dollars ($2,000.00) nor more than Five Thousand Dollars ($5,000.00) and shall be imprisoned not less than one (1) year nor more than five (5) years in the State Penitentiary. The law enforcement agency shall seize the vehicle operated by any person charged with a third or subsequent violation of subsection (1) of this section, if such convicted person was driving the vehicle at the time the offense was committed. Such vehicle may be forfeited in the manner provided by Sections 63–11–49 through 63–11–53. Except as may otherwise be provided by paragraph (e) of this subsection, the Commissioner of Public Safety shall suspend the driver's license of such person for five (5) years. The suspension of a commercial driver's license shall be governed by Section 63–1–83.

In connection with his arrest, the debtor's vehicle was seized. In keeping with the provisions of § 63–11–49 through § 63–11–53, Miss.Code Ann., the State of Mississippi Department of Public Safety (Department) proposes to exercise its right of forfeiture against the vehicle following the final disposition of the DUI charge. The methodology for processing the forfeiture, which is docketed as a civil proceeding, is specified in § 63–11–51, Miss.Code Ann. Secured creditors, holding liens against the vehicle, must be served with process so that the security interest can be addressed and/or protected. This section provides as follows:

(1) Except as otherwise provided in Section 63–11–49, when a vehicle is seized under Section 63–11–30(2)(c) or (d), proceedings under this section shall be instituted promptly upon final conviction.

(2) A petition for forfeiture shall be filed promptly in the name of the State of Mississippi, the county or the municipality and may be filed in the county in which the seizure is made, the county in which the criminal prosecution is brought or the county in which the owner of the seized vehicle is found. Forfeiture proceedings may be brought in the circuit court or the county court if a county court exists in the county and the value of the seized vehicle is within the jurisdictional limits of the county court as set forth in Section 9–9–21. A copy of such petition shall be served upon the following persons by service of process in the same manner as in civil cases:

(a) The owner of the vehicle, if address is known;

(b) Any secured party who has registered his lien or filed a financing statement as provided by law, if the identity of such secured party can be ascertained by the law enforcement agency by making a good faith effort to ascertain the identity of such secured party as described in subsections (3), (4), (5), (6) and (7) of this section;

(c) Any other bona fide lienholder or secured party or other person holding an interest in the vehicle in the nature of a security interest of whom the law enforcement agency has actual knowledge;

(d) Any person in possession of the vehicle subject to forfeiture at the time that it was seized.

(3) If the vehicle is susceptible of titling under the Mississippi Motor Vehicle Title Law and if there is any reasonable cause to believe that the vehicle has

been titled, the law enforcement agency shall inquire of the State Tax Commission as to what the records of the State Tax Commission show regarding who is the record owner of the vehicle and who, if anyone, holds any lien or security interest which affects the vehicle.

(4) If the vehicle is not titled in the State of Mississippi, then the law enforcement agency shall attempt to ascertain the name and address of the person in whose name the vehicle is licensed, and if the vehicle is licensed in a state which has in effect a certificate of title law, the agency shall inquire of the appropriate agency of that state as to what the records of the agency show regarding who is the record owner of the vehicle and who, if anyone, holds any lien, security interest or other instrument in the nature of a security device which affects the vehicle.

(5) In the event the answer to an inquiry states that the record owner of the vehicle is any person other than the person who was in possession of it when it was seized, or states that any person holds any lien, encumbrance, security interest, other interest in the nature of a security interest, which affects the vehicle, the law enforcement agency shall cause any record owner and also any lienholder, secured party, other person who holds an interest in the vehicle in the nature of a security interest, to be named in the petition of forfeiture and to be served with process in the same manner as in civil cases.

(6) If the owner of the vehicle cannot be found and served with a copy of the petition of forfeiture, the law enforcement agency shall file with the clerk of the court in which the proceeding is pending an affidavit to such effect, whereupon the clerk of the court shall publish notice of the hearing addressed to "the Unknown Owner of . . . ," filling in the blank space with a reasonably detailed description of the vehicle subject to forfeiture. Service by publication shall contain the other requisites prescribed in Section 11–33–41, and shall be served as provided in Section 11–33–37 for publication of notice for attachments as law.

At the initial hearing in this adversary proceeding, the testimony revealed that the vehicle was encumbered by a lien existing in favor of Val–U Sales and Leasing, Inc., (Val–U Sales) securing a debt in the sum of approximately $12,000.00. Two affidavits were received in evidence indicating that the value of the vehicle was approximately $5,000.00.

The debtor filed this Chapter 13 bankruptcy case on February 10, 1999, two weeks after his arrest and the seizure of his vehicle.

### III.

The primary issue in this proceeding is whether the provisions of the automatic stay, found in 11 U.S.C. § 362(a), prohibit the Department from exercising its forfeiture rights against the debtor's vehicle without first obtaining relief from the stay pursuant to 11 U.S.C. § 362(d). The operative Bankruptcy Code sections, found at 11 U.S.C. § 362, are set forth as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entitles, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . . .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

. . . .

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

. . . .

(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, opened for signature on January 13, 1993, to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

### IV.

■ In the opinion of the court, the forfeiture proceeding specified in § 63–11–49 through § 63–11–53, Miss.Code Ann., is civil in nature rather than criminal. Supporting this conclusion are the following factors:

1. Parties having a security interest in the vehicle are required to be served with process so that the security interest can be addressed and/or protected.

2. Other parties having an ownership interest in the vehicle must likewise be noticed.

3. If the vehicle is the only means of transportation, it can be forfeited to the spouse of the owner.

4. The forfeiture adjudication is processed on the civil docket of the appropriate state court.

Because of the foregoing, this court must conclude that the exception to the automatic stay found in 11 U.S.C. § 362(b)(1) is not applicable to this proceeding since the forfeiture is not the commencement or continuation of a criminal action or proceeding against the debtor.

### V.

As revised on October 21, 1998, 11 U.S.C. § 362(b)(4), noted above, provides as follows:

(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, opened for signature on January 13, 1993, to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power

From all indications, this revised subsection is applicable to governmental units or any organizations exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling, and Use of Chemical Weapons and on Their Destruction which would not include the Mississippi Department of Public Safety under the factual circumstances of this proceeding. The revised subsection re-

placed the former version of 11 U.S.C. § 362(b)(4) which provided as follows:

> (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

■ The former version of § 362(b)(4) provided an exception to the automatic stay only for the commencement or continuation of an action against the debtor under § 362*(a)(1)*, not to all actions under § 362*(a)*. The former version of § 362(b)(4) did not provide an exception for acts covered by § 362(a)(3), which expressly prohibits actions to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. Section 362(a)(3) addresses precisely what the Department proposes to undertake through the forfeiture proceeding. For instructive purposes, the legislative history applicable to the former version of § 362(b)(4) is insightful:

> Section 362(b)(4) indicates that the stay under section 362(a)(1) does not apply to affect the commencement or continuation of an action or proceeding by a governmental unit to enforce the governmental unit's police or regulatory power. This section is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate. (124 Cong. Rec. H 11092, H 11093 (Sept. 28, 1978).)

A case, which accurately construed the interaction between § 362(a)(3) and the former version of § 362(b)(4), is *Weaver v. City of Knoxville (In re Thomas)*, 179 B.R. 523 (Bankr.E.D.Tenn.1995). Although this case obviously deals with the predecessor to revised § 362(b)(4), its reasoning is significant.

■ Relying on the *Thomas* analysis, this court concludes that the forfeiture proceeding is an act to obtain possession of property of this bankruptcy estate which is stayed automatically by § 362(a)(3). Revised subsection 362(b)(4) does not provide an exception permitting the Department to commence the forfeiture proceeding without first obtaining relief from the stay. However, considering the facts of this case, outlined immediately hereinbelow, this does not appear to be a difficult obstacle for the Department to overcome:

1. The debtor's drivers license has been statutorily suspended.

2. The debtor faces the possibility of imprisonment for not less than one year nor more than five years in the State Penitentiary.

3. The amount of the debt encumbering the debtor's vehicle substantially exceeds its value.

4. The secured creditor, Val–U Sales and Leasing, Inc., has filed a motion to intervene in this proceeding supporting the Department's position.

■ It Is, Therefore, Ordered and Adjudged as follows:

1. 11 U.S.C. § 362(a)(3) applies to this proceeding for which there is no exception under either § 362(b)(1) or § 362(b)(4), as revised.

2. The Department, under the factual circumstances of this proceeding, must file a motion seeking relief from the automatic stay prior to commencing the forfeiture proceeding against the debtor's vehicle under §§ 63–11–49 through 63–11–53, Miss.Code Ann.

3. In keeping with the decision of the U.S. Supreme Court in *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995), the Department should file the aforesaid motion for relief within twenty days of this decision. If this motion is timely filed, the vehicle may be retained by the De-

partment pending the resolution of the motion. If it is not filed within the twenty day period, the vehicle must be returned to the debtor immediately thereafter.

4. An order will be entered consistent with this Opinion.