In re McLEAN ENTERPRISES, INC., Debtor.

Bankruptcy No. 87–03196–2–11.

United States Bankruptcy Court, W.D. Missouri, S.D.

April 17, 1989.

Paul D. Sinclair, Kansas City, Mo., for Fidelity Federal Sav. and Loan and United Federal Sav. Bank.

Gene A. DeLeve, Kansas City, Mo., for debtor.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Fidelity Federal Savings and Loan Association and United Federal Savings Bank, hereinafter creditors, filed a Motion for Leave to File Their Respective Unsecured Claims substantially after the bar date. The thrust of their Motion was dual:

1. That the Court could not establish a bar date in a Chapter 11 proceeding that would bar allowance of undisputed noncontingent and liquidated claims by virtue of the provisions of 11 U.S.C. § 1111(a) and Bankruptcy Rule 3003(c)(2).

2. That the creditors were never notified of the bar date and, therefore, should not be bound by same.

To backlight the scenario within which the creditors' contentions are made, a short recitation of the undisputed facts needs to be set out. Creditors had loaned some $1,900,000.00 to debtor to finance a motel in Knox County, Illinois. Debtor defaulted on the loans, creditors foreclosed and had possession of the premises before the date of adjudication. Creditors have sold the motel and their claims consist of some $780,000.00 in deficiency incurred after crediting the debt with the resale proceeds negotiated after foreclosure. Creditors were shown as such on debtor's schedules and there is no contention of dispute but what they are substantial unsecured creditors.

Creditors' representatives testified, without contradiction, that the first notice they had of the bankruptcy came from debtor's local counsel in Illinois. That attorney had represented the debtor in the Illinois foreclosure action and notified creditors of the bankruptcy. Creditors engaged local counsel in Springfield, Mo. to obtain relief from the automatic stay so they could conclude the foreclosure action under the Illinois post foreclosure proceedings and that action was not contested by debtor. Credi-

tors did nothing further until they filed this Motion on January 27, 1989.

In the interim, debtor had requested the setting of a bar date for the filing of claims. That was established by Court Order and the last date for filing claims was May 15, 1988.

■ Turning then to the first prong of creditors' thrust, did or does the Court have the power to set a bar date in a Chapter 11 that eliminates undisputed, non contingent, liquidated claims, as creditors' counsel denies? While it is never popular to suggest to a Court that it lacked the power to do an act that it has already done, lamentably neither the Code nor the Rules afford a Bankruptcy Judge the power suggested by William Shakespeare in *Richard III, Act III*, Scenes IV, line 75, or Lewis Carroll in *Alice's Adventures in Wonderland*, Chapter 8, in the face of such presumptiveness. Thus the Court must first determine whether it had such authority.

In determining the width and breadth of a Bankruptcy Judge's jurisdiction, a Bankruptcy Judge always has the comfort of *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir.1987) to rely on. According to that case, if read correctly by this author, a Bankruptcy Judge making a decision and entering an order always determines that he has jurisdiction, and, at least as to any final order, an aggrieved party's recourse is solely based on appeal of that order. Such order is res judicata as to any subsequent litigation involving issues resolved by that order.

Even more comforting to this Judge than *Shoaf*, is *Matter of GAC Corp.*, 681 F.2d 1295 (11th Cir.1982). In this pre-Code case, the Court interpreted § 119 of the Bankruptcy Act and held that the Bankruptcy Judge had the questioned power. It is interested to compare the pertinent language of that prior section:

"[w]henever ... the court is required or permitted to fix a time for any purpose, the court may upon cause shown extend such time."

with the wording of present Bankruptcy Rule 3003(c)(3) which states:

"The court shall fix and for cause shown may extend the time within which such proofs of claim or interest may be filed."

The Bankruptcy Judge in the *GAC Corporation* case had set a bar date for the filing of claims in an Act Chapter X case. Like present Chapter 11, Act Chapter X claims normally were not required to be filed under then Bankruptcy Rule 10–401 which bore a substantial resemblance to present Bankruptcy Rule 3003. Nothing first that § 196 of the Act provided that the Bankruptcy Judge "shall prescribe the manner in which and fix a time within which the proofs of claim of creditors may be filed and allowed", the Eleventh Circuit subsequently stated that by virtue of § 119, "the decision whether to extend the claims bar deadline for cause shown was within the sound discretion of the bankruptcy judge." *Id.* at 1301.

Finally, 11 U.S.C. § 105(a) of the Bankruptcy Code authorizes the court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. In view of the foregoing, the Court determines that it had, has, and will have in the future the ability to issue bar orders in Chapter 11 cases. This part of creditors' thrust is ruled against creditors.

■ Turning now to the second part of creditors' thrust, some further facts need to be outlined. All general notices in this case have been mailed by debtor in possession where the notice was to go to all creditors. Debtor in possession has furnished the clerk's office with varied statements and certificates of mailing and at least two matrices that it used at various times to determine who received mailings. At the hearing, debtor in possession offered no specific testimony as to how the bar order mailing was handled or to whom the bar order was sent. Debtor in possession apparently stood solely on its statement of mailing as to said bar order, same being filed March 15, 1988. The creditors, on the other hand, presented substantial evidence—both by testimony of their representatives and by affidavit that they received no notice ·of the Bar Order. That

evidence as to Fidelity Federal indicated that until July 18, 1988, Fidelity never received any notice of any event other than the original notification by debtor's Illinois counsel. The evidence as to United Federal was that the first notification it had was from debtor's Illinois counsel and that they received no further notice until November of 1988.

Debtor in possession asked the Court to take notice from the file of the efforts of the two creditors to obtain relief from the stay to complete the foreclosure and the fact that they had local counsel in Springfield, Missouri, who obtained the desired relief. The affidavit of that attorney and the extent of his employment was filed by the creditors and he was employed for the single purpose of relief from the stay, which he accomplished and neither was employed nor did anything further, and never received notice of the bar order.

The Court took it upon itself to examine the two matrices that debtor in possession had furnished to the Court. The earlier of these listed neither creditor. The latter listed both creditors. The clerk believes the first was furnished in 1987, the latter in 1988, but there is nothing in the memory of the clerk or in the file that fixes any date upon which the Court can rely. In view of the evidence presented, the Court finds that the two creditors did not receive notice of the bar order and were unaware of that order being issued by this Court.

Unfortunately, that finding is not determinative of the issue. Somewhat like trying to find out what is in the middle of an onion, without using a large knife, the removal of one layer presents another layer leaving still the original issue unanswered. The layer that this Court now faces is whether the lack of particular notice is sufficient to excuse creditors' failure to act when they had actual knowledge of the bankruptcy, and were thus under a duty to follow the file and protect themselves from the vagaries of errant debtors in possession, or court clerks, or the United States Postal Service. There have been extremely diverse views expressed by the various courts that have considered this issue and other comparable issues falling within the discretion of the Bankruptcy Judge.

Some courts opine that any creditor who has actual knowledge of any bankruptcy proceeding has an absolute duty to follow all proceedings and protect himself from any event occurring therein, whether he is ever notified of anything. See *In re Torres*, 15 B.R. 794 (Bkrtcy.E.D.N.Y.1981). Other courts have held that a basic principal of justice, i.e., a reasonable opportunity to be heard can only be protected by adherence to a statutory command for notice. See *New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). Creditors' brief cites seven cases, all indicating lack of notice is sufficient to excuse their failure to meet the bar order date. Debtor's brief cites eight cases, all to the contrary. In the Court's independent inquiry, it has found a number of other cases, likewise running the gamut. Gentle readers will be burdened neither by a recitation of any of the above nor a detailed analysis of their pearls of wisdom, even though the Court has spent considerable time in their perusal.

Suffice it to say that it seems to the Court that there are two common threads running through the cases which seem to be a balancing of two different principles. First, is the event in question something that every player in the bankruptcy proceeding should anticipate would normally occur? Second, has one of the parties made a substantial change in position or posture relying on the effects of the event? For example, the issuance of a bar order in a Chapter 11 proceeding is not something that occurs in every case. The rules provide that claims which are not listed as disputed or contingent or unliquidated on debtor's schedules need not be filed. Thus a creditor would not automatically anticipate that it would be required to file a claim in every Chapter 11. Likewise in this case, the debtor did not propose and confirm a plan of reorganization before creditors filed their Motion for late filing of their claims. Debtor still does not have a confirmed plan and the only effect on debtor of allowing late filing will be to increase the unsecured creditor class.

Perhaps to restate it another way, in this case the Court believes that the right to receive notice of the time bar order before losing the right to participate in any distribution outweighs the responsibility of the creditors to have monitored the file and its progress; and that the harm to the creditors by enforcing the time bar order against them outweighs the harm to the debtor by allowing the late filing of the two claims.

In view of the foregoing discussion the Court will allow the filing of the claims of Fidelity Federal Savings and Loan Association and United Federal Savings Bank.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.