**JER WHTR SERVICES, INC.,** Appellant,

v.

**Donald LAVIN,** Appellee.

**Bankruptcy No. 96–40105–NMG.**

United States District Court,
D. Massachusetts.

Oct. 17, 1997.

**Memorandum and Order**

GORTON, District Judge.

On April 1, 1996, the Bankruptcy Court confirmed the Chapter 11 Plan of Donald R. Lavin ("the Debtor"). Pending before this

Court is an appeal from that, Final Order of the Bankruptcy Court.

### I. *Background*

On March 29, 1995, the Debtor filed a Petition for Chapter 11 bankruptcy. On May 2, 1995, the Debtor filed an Application for Order Approving Employment of Counsel ("Application"), seeking to employ Attorney Cornelius J. Sullivan ("Sullivan"). The Debtor's Application stated that 1) Sullivan had provided pre-petition legal services to Debtor, 2) fees were due to Sullivan for those services, 3) the debt for pre-petition legal fees was set forth on Schedule F of the Debtor's Petition and 4) "Counsel sets forth those fees in the spirit of full disclosure and does not look to be compensated through this bankruptcy."

The Debtor subsequently filed a Disclosure Statement and proposed Plan of Reorganization, neither of which contained a claim for pre-petition legal fees. The Bankruptcy Court set November 12, 1995, as the deadline for filing claims against the Debtor's estate. No claim for pre-petition legal fees was filed.

On April 1, 1996, at an evidentiary hearing regarding the confirmation of the Debtor's Plan, the Debtor filed his First Amended Disclosure Statement and First Amended Plan of Reorganization, both of which referred to claims for pre-petition legal fees. The Bankruptcy Court confirmed the Debtor's First Amended Plan.

### II. *Analysis*

#### A. *Standard of Review*

A District Court reviewing the decision of a Bankruptcy Court applies a clearly erroneous standard to findings of fact and *de novo* review to questions of law. *In re Winthrop Old Farm Nurseries, Inc.,* 50 F.3d 72, 73 (1st Cir.1995). Applications of law are reviewed *de novo* and are set aside only when they are made in error or constitute an abuse of discretion. *In re DN Associates,* 3 F.3d 512, 515 (1st Cir.1993).

#### B. *Counsel's Alleged Waiver of His Claim*

The United States Bankruptcy Code sets forth two alternative requirements, one of which must be met by each creditor in a Chapter 11 case, before that creditor may vote upon a proposed plan or receive distributions therefrom. First, a creditor may file a proof of claim pursuant to 11 U.S.C. § 501(a). Second, the creditor's interest may be set forth in the debtor's Schedules as undisputed, liquidated and noncontingent. 11 U.S.C. § 1111(a).

It is undisputed that Sullivan did not file a proof of claim during the pendency of the Debtor's Chapter 11 proceeding. Schedule F, however, does list Sullivan & Walsh, Sullivan's law firm, as holding an undisputed, liquidated and noncontingent claim. JER WHTR Services, Inc. ("the Creditor") contends that Schedule F does not meet the requirements of 11 U.S.C. § 1111(a) because of the specific representation of Sullivan in the Debtor's Application.

The purpose of 11 U.S.C. §§ 501(a), 1111(a), taken together, is to provide all parties in interest with advance notice as to the identity of all claims against the estate. *See In re Best Products Co., Inc.,* 140 B.R. 353, 360 (Bankr.S.D.N.Y.1992). The Creditor contends that the statement in the Debtor's Application totally negated the notifying effect of the Debtor's Schedule F. To consider the claim of Sullivan properly filed would, in the Creditor's opinion, do violence to the due process protections which the Bankruptcy Code embodies.

The Debtor's Application was accompanied by the Affidavit of Sullivan in which he declared, "I represent no interest adverse to said trustee or to the estate of the debtor." The Creditor contends that the Affidavit would not be true if Sullivan, by that statement, had not waived his claim. The Creditor further contends that Sullivan was required to waive his claim against the estate as a prerequisite for serving as counsel to the Debtor in the Chapter 11 proceedings.

To determine whether Sullivan represented an interest adverse to the Debtor's estate, the Bankruptcy Court was obliged to deter-

mine whether any competing interest held by Sullivan "created either a meaningful incentive to act contrary to the best interest of the estate . . . or the reasonable perception of one." *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir.1994). Although the Bankruptcy Court apparently found no conflict of interest, it acknowledged at the confirmation hearing that Sullivan's status as a creditor would necessarily result in his disqualification as counsel, an available sanction for a conflict of interest. *See id.*

The Creditor contends that, in addition to his written waiver of the claim for pre-petition legal fees, Sullivan orally waived his claim in the course of a meeting held pursuant to 11 U.S.C. § 341(a). The Trustee asked Sullivan whether he was willing to waive his claim against the estate and Sullivan responded, "Right. I'm willing to waive. Yeah."

Based upon Sullivan's representation in Debtor's Application, his Affidavit and his oral statement at the § 341(a) meeting, the Bankruptcy Court's finding that Sullivan had not waived his claim is clearly erroneous.

### C. *Counsel's Alleged "Insider" Status*

 The Bankruptcy Court ruled that the Debtor's Plan was subject to the "cram down" provisions of 11 U.S.C. § 1129(b)(1). Before a plan can be crammed down, at least one non-insider, impaired class must vote to accept it. *In re Bryson Properties, XVIII*, 961 F.2d 496, 501 (4th Cir.1992). The Creditor did not accept the plan. The Bankruptcy Court concluded, however, that Sullivan's claim constituted a non-insider, impaired class and confirmed the plan based upon Sullivan's acceptance. The Creditor contends that Sullivan's vote was improper because Sullivan was an "insider".[1] That term has been further defined as follows:

> An insider is a person or entity: ". . . who has a sufficiently close relationship with the debtor that his conduct is made subject

to closer scrutiny than those dealing at arms length with the debtor."

*In re Beaver Valley Builder's Supply, Inc.*, 177 B.R. 507, 513 (Bankr.W.D.Pa.1995), quoting H.R. Report No. 595, 95th Cong., 1st Sess. 312 (1.977); S. Report No. 989, 95th Cong., 2d Sess. 25 (1978).

Sullivan served as the Debtor's legal counsel for approximately six years, representing the Debtor with respect to the sale of estate assets, the leasing of estate assets and negotiations with creditors. He was privy to the most intimate, proprietary details of the Debtor's business transactions and finances. Sullivan did not, however, have the control or decision making powers which would mark the kind of relationship designated in the Code. The Bankruptcy Court's finding that Sullivan was not an "insider" is not, therefore, clearly erroneous.

 Although Sullivan was not clearly an "insider", his vote to cram down the plan was nonetheless improper. Because of Sullivan's waiver of his claim, he did not constitute an impaired class and was not, therefore, eligible to vote for the cram down.

### ORDER

For the foregoing reasons, the order of the Bankruptcy Court is reversed and the case is remanded for proceedings consistent with this opinion.

So ordered.

---

1. The Bankruptcy Code defines "insider" as follows:

   "Insider" includes—

   (A) if the debtor is an individual—

   (i) relative of the debtor or of a general partner of the debtor;

   (ii) partnership in which the debtor is a general partner;

   (iii) general partner of the debtor; or

   (iv) corporation of which the debtor is a director, officer, or person in control . . .

   11 U.S.C. § 101(31).