**In re ATD CORPORATION, Debtor.**

No. 98–40286.

United States Bankruptcy Court,
N.D. Ohio.

March 1, 2002.

schedules, which included Schedule F— Creditors Holding Unsecured Nonpriority Claims. In Schedule F, Debtor listed the names and addresses of its creditors and provided the amount of the creditors' claims. Debtor listed the claim of Advantage Packaging, Inc. ("Advantage"), in the amount of Three Hundred Thirty–Six Thousand Four Hundred Thirty–Five and 89/100 Dollars ($336,435.89), as fixed and undisputed, i.e., Debtor did not mark Advantage's claim as contingent, unliquidated or disputed. Debtor also listed the claim of Molded Materials, Inc. ("MMI"), in the amount of Five Hundred Twenty–Three Thousand Three Hundred Eight and 44/100 Dollars ($523,308.44), as fixed and undisputed. This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). The following constitutes the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052.

Michael A. Gallo, Youngstown, OH, for Debtor.

Carl D. Rafoth, Youngstown, OH, for Advantage Packaging, Inc. and Molded Materials, Inc.

Jay Welford, Alicia S. Schehr, Detroit, MI, for Advantage Packaging, Inc.

Peter A. Jackson, Detroit, MI, for Molded Materials, Inc.

Harry W. Greenfield, Cleveland, OH, Stuart Hertzberg, Detroit, MI, for Unsecured Creditors' Committee.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Chief Judge.

ATD Corporation ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, on January 30, 1998. Debtor filed its bankruptcy

## FACTS

On October 27, 1999, the Court entered an order establishing a bar date and a notice requiring creditors to file claims ("bar date order"). The bar date order— which was prepared by Debtor—stated that:

> IT APPEARING TO THE COURT that pursuant to Rule 3003 of the Federal Rules of Bankruptcy Procedure, it would be in the best interest of these proceedings if all creditors and equity interest holders were required to file Proofs of Claim or interest in the Form as required by Rule 3001 of the Federal Rules of Bankruptcy Procedure or be forever barred therefrom; and

> IT FURTHER APPEARING TO THE COURT that the establishment of a bar date will significantly expedite the claims adjudication process and assist in

the formulation and approval of a Plan and Disclosure Statement.

IT IS THEREFORE ORDERED that creditors are provided a period of forty-five (45) days from the date of the mailing of this Notice within which to file a Proof of Claim in the Form required by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and upon their failure to do so, such claimants shall be barred from participating in Debtor's Plan in any regard, including voting or distribution purposes.

To participate in Debtor's Plan, such Proof of Claim must be filed at:

**United States Bankruptcy Court**
**Federal Building & U.S. Courthouse**
**125 Market Street**
**2nd Floor**
**Youngstown, Ohio 44503**

**AND SUCH CLAIM MUST BE RECEIVED BY THE COURT ON OR BEFORE DECEMBER 13, 1999.**

Neither Advantage nor MMI ("Movants") objected to the bar date order. The Court entered an order confirming Debtor's first amended plan of reorganization on June 20, 2000. In January 2001, Debtor commenced making distributions to creditors who had physically filed proofs of claim prior to the deadline specified in the bar date order. Debtor did not make any distribution to Movants. Subsequently, Movants filed motions seeking payment of their claims. A hearing was held on this matter on July 18, 2001.

## DISCUSSION

■ Although Debtor listed the claims of Movants as fixed and undisputed, Debtor never objected to the claims. Nonetheless, Debtor argues that pursuant to the terms of the bar date order, all unsecured creditors were required to file proofs of claim. Consequently, Debtor argues that it does not need to make a distribution to Movants since they did not physically file proofs of claim.

Debtor's suggested interpretation of the bar date order fails for three reasons. First, Debtor's interpretation impermissibly allows Debtor to ignore the mandatory requirements of 11 U.S.C. § 1111(a). Second, it impermissibly allows Debtor to ignore FED. R. BANKR. P. 3003. Third, it permits Debtor to improperly avoid the constitutional due process requirement that it provide creditors with notice of its objection.to scheduled claims.

Debtor's interpretation of the bar date order directly contradicts the plain text of 11 U.S.C. § 1111(a) which provides that: "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated."

■ Nonetheless, Debtor asserts that the Court has the authority to enter a bar date order requiring all creditors—even those whose claims are deemed filed by § 1111(a)—to physically file proofs of claim. (Debtor's Response to Movants' Motions for (A) Order Requiring Payment, or, in the Alternative, (B) Relief from Order Establishing Bar Date ("Debtor's Response") at 7.) Debtor only cites a single case in support of its proposition that a court can contravene congressional intent in § 1111(a), *In re McLean Enterprises, Inc.*, 98 B.R. 485 (Bankr.W.D.Mo.1989). We find *McLean's* assertion that a bankruptcy court may ignore § 1111(a) unpersuasive. *McLean* cites to a pre-Code case and to 11 U.S.C. § 105(a) for its authority. *Id.* at 486. In invoking § 105(a), *McLean* attempts to circumvent Congress' clear di-

rective embodied in 11 U.S.C. § 1111(a). The equity powers embodied in § 105(a) only empower bankruptcy courts to enter orders consistent with the Bankruptcy Code. Section 105(a) does not permit bankruptcy courts to "disregard unambiguous statutory language." *Childress v. Middleton Arms, L.P. (In re Middleton Arms, Ltd. P'ship)*, 934 F.2d 723, 725 (6th Cir. 1991) *(quoting Ray v. City Bank and Trust Co. (In re C-L Cartage Co., Inc.)*, 899 F.2d 1490, 1494 (6th Cir.1990)).

However, it is not necessary for us to decide today whether a bankruptcy court has the power to ignore the directive of § 1111(a). That is because in the case before us "[n]othing in the [bar date order] stated [it] was intended to override the provisions of the Code and Rules upon which [Movants were] justified in relying." *In re Johnson*, 238 B.R. 462, 467 (Bankr. W.D.Mo.1999). The bar date order did not give Movants adequate notice of an intention to have a court order override an unambiguous statutory mandate and thus of any need to physically file proofs of claim.

Given the plain requirements of § 1111(a), a bar date order which ostensibly circumvents § 1111(a)—if that is even permissible—would at least have to plainly state to creditors that, contrary to § 1111(a), their scheduled claims are no longer deemed filed. Here the bar date order is ambiguous. Nowhere in the bar date order does it state that the provisions of § 1111(a) no longer apply. In fact, the bar date order does not mention § 1111(a) at all. A reasonable creditor could read the bar date order in this case as not circumventing the requirements of § 1111(a).[1]

■ It is undisputable that claims which a debtor lists in its schedule as noncontingent, undisputed and liquidated are deemed filed pursuant to 1111(a). To the Court's knowledge, there is not an iota of authority in disagreement on this interpretation of § 1111(a) in Chapter 11 cases. Rather, all authorities and commentators agree that for the purposes of a Chapter 11 case, a claim which is listed on a debtor's schedule and is not disputed, contingent or unliquidated is deemed filed. *See In re Crouthamel Potato Chip Co.*, 786 F.2d 141, 145 (3rd Cir.1986), *superseded by rule on other grounds, as stated in In re Condor Capital Corp.*, 78 B.R. 629, 630 (Bankr.S.D.Fla.1987); *Midwest Commerce Banking Co. v. Elkhart City Ctr.*, 4 F.3d 521, 523 (7th Cir.1993); *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 462 (6th Cir.

---

1. Furthermore, Advantage asserts that the bar date order was accompanied by a notice which stated: "**IF YOU HAVE *ALREADY* FILED A PROOF OF CLAIM OR INTEREST, THERE IS NO REQUIREMENT THAT YOU DO SO AGAIN AS A RESULT OF THE COURT'S ORDER.**" (Advantage's Motion for (A) Order Requiring Payment, or, in the Alternative, (B) Relief from Order Establishing Bar Date at 3, Exhibit B.) The Court did not mail this notice, so the Court does not have a clear understanding as to whether this notice was in fact sent out to all creditors, but Debtor has never denied that the notice was sent.

This notice would have only added to the possibility of confusion, as a creditor could easily read the accompanying notice to mean that creditors whose claims were deemed filed pursuant to § 1111(a) were not required to file proofs of claim.

The notice which accompanied the proof of claim form that the Court sent out on October 27, 1999 presents the identical problem of confusion. The Court's notice states: "**IF ANY CREDITOR HAS PREVIOUSLY FILED A CLAIM IN THIS CASE, IT WILL NOT BE NECESSARY TO FILE ANOTHER CLAIM.**" (Notice to File Proof of Claim.) Again, a creditor could easily have read this statement to mean that creditors whose claims were deemed filed pursuant to § 1111(a) were not required to file proofs of claim.

1991); *First Am. Bank & Trust of Minot v. Butler Mach. Co. (In re Haugen Constr. Servs., Inc.)*, 876 F.2d 681, 682 n. 3, n. 4 (8th Cir.1989); *JER WHTR Servs., Inc. v. Lavin*, 213 B.R. 791, 792 (D.Mass.1997). In other words, there is no need for a creditor to physically file a proof of claim for such claims. Congress enacted § 1111(a) to cut down on unnecessary filing of proofs of claim. *In re Candy Braz, Inc.*, 98 B.R. 375, 379 (Bankr.N.D.Ill.1988). As a noted treatise on bankruptcy states,

> [s]ection 1111(a) serves one simple function. It relieves a holder of a claim ... from having to file a proof of claim ... in a chapter 11 case provided that (i) the list of creditors ... has been filed, and (ii) the particular claim or interest is scheduled, but is not scheduled as disputed, contingent, or unliquidated.

7 Lawrence P. King et al., Collier on Bankruptcy ¶ 1111.02[1] (15th ed. rev'd 2001) (footnotes omitted).

The House and Senate Reports explain that § 1111(a)

> dispenses with the need for every creditor ... to file a proof of claim ... in a reorganization case. Usually the debtor's schedules are accurate enough that they will suffice to determine the claims ... allowable in the case. Thus, the section specifies that any claim ... included on the debtor's schedules is deemed filed under section 501. This does not apply to claims ... that are scheduled as disputed, contingent or unliquidated.

H.R. Rep No. 95–595, at 405 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6361, S. Rep. No. 95–989, at 117 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5903. Section 1111(a) is derived from Chapter X Rule 10–401. 7 Collier on Bankruptcy ¶ 1111.LH[1] at 1111–38. The purpose of Rule 10 was to "eliminate the need for filing proofs which ... have little

utility[,]" and to prevent unnecessary inconvenience, expense and burdens upon creditors. 7 Collier on Bankruptcy ¶ 1111.LH[1] at 1111–38 (*quoting* Advisory Comm. Note to Chapter X Rule 10–401(a)).

In sum,

> [w]hen Congress enacted § 1111 ..., it intended to make a business reorganization more convenient for both debtors and creditors. Section 1111 assumes that a debtor is familiar with its creditors and is in a position to properly evaluate the claims against it. As such, when the debtor schedules a creditor and does not list the debt as disputed, contingent or unliquidated, the claim is assumed to be correct and deemed filed.

*In re Humblewit Farms, Inc.*, 23 B.R. 703, 705 (Bankr.S.D.Ill.1982). Section 1111(a) was enacted to "lessen the fury of the inevitable paper storm that descends upon bankruptcy proceedings." *In re Crouthamel Potato Chip Co.*, 786 F.2d at 145. Efficiency is vital in corporate bankruptcy where "money is tight [and] time is expensive[.]" *Id.* at 145.

The bar date order's citation to Rule 3003 further supports the interpretation that Movants were not required to physically file proofs of claim. Rule 3003 states that "[i]t shall not be necessary for a creditor ... to file a proof of claim ... except as provided in subdivision (c)(2) of this rule." Fed. R. Bankr. P. 3003(1). Under the heading *"Who Must File* [,]" subdivision (c)(2) of the rule states "[a]ny creditor ... whose claim ... is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim ...." Fed. R. Bankr. P. 3003(c)(2).

Rule 3003 implements the provisions of § 1111(a). 9 Lawrence P. King et al., Collier on Bankruptcy ¶ 3003.02 (15th ed. rev'd 2001) (*citing In re Crouthamel Potato Chip Co.*, 786 F.2d at 141). "A

claim deemed filed by section 1111(a) pursuant to Rule 3003 is accorded the same evidentiary effect as is one actually filed by the creditor." 9 COLLIER ON BANKRUPTCY ¶ 3003.02 at 3003–3—3003–4. Rule 3003(c) stands in contrast to its predecessor, Rule 10–401(b). The prior rule allowed a court to require of any creditor the physical filing of a proof of claim. 9 COLLIER ON BANKRUPTCY ¶ 3003.RH[1] at 3003–16 (*citing* former FED. R. BANKR. P. 10–401(b)(3)(B)). Due to the requirements of § 1111(a), Rule 3003(c) does not grant a court such discretion. 9 COLLIER ON BANKRUPTCY ¶ 3003.RH[1] at 3003–16.

 While drafting the bar date order, Debtor may have intended to circumvent both § 1111(a) and Rule 3003. Nonetheless, Debtor did not make this intention clear in the text of the bar date order.[2] Consequently, if the Court were to construe this ambiguous bar date order in the manner that Debtor urges, it would run afoul of Movants' due process rights under the Fifth Amendment to the United States Constitution. Constitutional due process requires that notice of a claims bar date "be fundamentally fair and reasonably calculated to apprise interested parties." *Bd. of County Comm'rs v. Coleman Am. Props., Inc. (In re Am. Props., Inc.)*, 30 B.R. 239, 245 (Bankr.D.Kan.1983) (*citing Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (further citations omitted)); 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1074 (3d ed.2002).

 A known creditor must receive proper, adequate and constitutional notice of relevant dates before its claim is forever barred. *City of N.Y. v. N.Y., N.H. & H.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (publication of bar order in newspaper failing to satisfy due process as required by Fifth Amendment of United States Constitution); *In re Best Prods. Co, Inc.*, 140 B.R. 353, 357 (Bankr.S.D.N.Y. 1992). A bar date "should be prominently announced and accompanied by an explanation of its significance." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 398, 113 S.Ct. 1489, 1499–1500, 123 L.Ed.2d 74 (1993). Thus, "[i]f a creditor is not given reasonable notice of the ... bar date, that creditor's claim cannot be discharged constitutionally." *In re Dartmoor Homes, Inc.*, 175 B.R. 659, 669 (Bankr.N.D.Ill.1994) (*citing In re Longardner & Assocs., Inc.*, 855 F.2d 455 (7th Cir.1988), *cert. denied,* 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989)).

Debtor argues that as a matter of policy, a court must have the authority to enter a bar date order requiring all creditors, even those deemed to have filed proofs of claim under § 1111(a), to physically file proof of claim forms. (Debtor's Response at 7.) Debtor argues this would be necessary if, subsequent to the filing of schedules, a court were to learn of flawed bookkeeping or financial malfeasance. Yet Debtor does not cite to the Bankruptcy Code for its proposition that a court may use policy considerations to enter an order contrary to the Bankruptcy Code.[3] Moreover, courts

---

**2.** And as noted *supra,* such a circumvention is most likely impermissible anyway.

**3.** At the hearing, Debtor asserted that its bar date order was "supplementary" to § 1105 of the Bankruptcy Code. Debtor further averred that *United States v. Energy Resources Co, Inc.*

provides the Court with authority under 11 U.S.C. § 105 to enter an order that is "supplementary" to the Bankruptcy Code. 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). Yet case law does not support the gravamen of Debtor's proposition which is that a court can use policy considerations to

look with disfavor upon a debtor's citation of accounting problems as a blanket justification for scheduling all debts to unsecured creditors as disputed. *Dresser Indus., Inc. v. Rite Autotronics Corp. (In re Rite Autotronics Corp.),* 27 B.R. 599, 602–03 (9th Cir. BAP 1982); *Bd. of County Comm'rs v. Coleman Am. Props., Inc. (In re Am. Props., Inc.),* 30 B.R. 235, 237 (Bankr.D.Kan.1983).

■ And here, Debtor never disputed the amount or validity of Movants' claims prior to confirmation of the plan. See *In re Johnson,* 238 B.R. at 466. Rather, Debtor urges a reading of the bar date order that would allow Debtor to do a procedural end-run around the constitutional requirement that Debtor provide scheduled creditors with notice that it disputes their debts. "[W]here a debtor questions the quality of a claim thereby placing the creditor in a position of potential default and loss, due process would call for specific notice to the creditor." *In re Rite Autotronics Corp.,* 27 B.R. at 602; *and see* 4 HONORABLE JOE LEE, BANKR. SERV. L. ED. § 43:3 (2001).

## CONCLUSION

For the above-stated reasons, the Court holds that Movants' claims are deemed filed pursuant to § 1111(a). Movants' claims are allowed as filed.

---

enter an order inconsistent with the Bankruptcy Code.
A bankruptcy court cannot use its equity powers to enter an order inconsistent with the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 207, 108 S.Ct. 963,

969, 99 L.Ed.2d 169 (1988); *In re Middleton Arms, Ltd. P'ship,* 934 F.2d at 725. *Energy Resources* only permits a court to issue an order that is "not inconsistent" with the Bankruptcy Code. 495 U.S. at 549, 110 S.Ct. at 2142.