*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0445P (6th Cir.)
File Name: 03a0445p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————

In re: ATD CORPORATION,
  *Debtor.*

——————————————

ATD CORPORATION,
  *Appellant,*

  *v.*

ADVANTAGE PACKAGING,
INC.; MOLDED MATERIALS,
INC.,
  *Appellees.*

No. 02-3785

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 02-00627—David D. Dowd, Jr., District Judge.

Argued: December 2, 2003

Decided and Filed: December 17, 2003

Before: GUY and GILMAN, Circuit Judges; REEVES,*
District Judge.

—————————

**COUNSEL**

**ARGUED:** Michael A. Gallo, NADLER, NALDER &
BURDMAN, Youngstown, Ohio, for Appellant. Peter A.
Jackson, CLARK HILL, Detroit, Michigan, for Appellees.
**ON BRIEF:** Michael A. Gallo, Timothy M. Reardon,
NADLER, NALDER & BURDMAN, Youngstown, Ohio, for
Appellant. Peter A. Jackson, James E. Brenner, CLARK
HILL, Detroit, Michigan, for Appellees.

—————————

**OPINION**

—————————

  RALPH B. GUY, JR., Circuit Judge. ATD Corporation,
the debtor in this Chapter 11 bankruptcy proceeding, appeals
following the district court's affirmance of the bankruptcy
court's order allowing the claims of two creditors, Advantage
Packaging, Inc., and Molded Materials, Inc., despite their
having failed to physically file a proof of claim before the
"bar date." Debtor argues that the bankruptcy court's Bar
Date Order required all creditors to file a proof of claim,
including those whose claims were "deemed filed" pursuant
to 11 U.S.C. § 1111(a), in order to participate in the plan of
reorganization. After review of the record and the arguments
presented on appeal, we affirm.

—————————

  *The Honorable Danny C. Reeves, United States District Judge for
the Eastern District of Kentucky, sitting by designation.

## I.

ATD, a manufacturer and supplier of parts to the automotive industry, filed a voluntary petition for relief under Chapter 11 on January 30, 1998. As the debtor-in-possession, ATD filed bankruptcy schedules that listed obligations to its unsecured creditors totaling $10,965,045.68. On those schedules, Advantage Packaging and Molded Materials were listed as holders of undisputed, non-contingent, liquidated claims in the amounts of $336,435.89 and $523,308.44, respectively. Debtor concedes that because these debts were not scheduled as disputed, contingent or unliquidated, Advantage and Molded Materials were not required by either 11 U.S.C. § 1111(a) or Fed. Bankr. R. P. 3003 to execute and file a proof of claim. However, debtor contends that the bankruptcy court was authorized through the general equity powers granted in 11 U.S.C. § 105(a), to order otherwise in a given case.

On October 26, 1999, the debtor moved *ex parte* for an order fixing the time period within which holders of claims or interests must file claims. In support of the request, debtor stated, without elaboration, that "the exact amount of the liabilities set forth in Debtor's Schedules are, in many instances, unable to be determined or are disputed by Debtor." The order, submitted by debtor with the motion, was entered the following day. That order provided in relevant part as follows:

> IT APPEARING TO THE COURT that pursuant to Rule 3003 of the Federal Rules of Bankruptcy Procedure, it would be in the best interest of these proceedings if all creditors and equity interest holders were required to file Proofs of Claim or interest in the Form as required by Rule 3001 of the Federal Rules of Bankruptcy Procedure or be forever barred therefrom; and

> IT FURTHER APPEARING TO THE COURT that the establishment of a bar date will significantly expedite the claims adjudication process and assist in the formulation and approval of a Plan and Disclosure Statement.

> IT IS THEREFORE ORDERED that creditors are provided a period of forty-five (45) days from the date of the mailing of this Notice within which to file a Proof of Claim in the Form required by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and upon their failure to do so, such claimants shall be barred from participating in Debtor's Plan in any regard, including voting or distribution purposes.

The cover letter sent with the Bar Date Order advised creditors:

> **PLEASE REVIEW THE ENCLOSED ORDER CAREFULLY**

> **THE ORDER SETS DECEMBER 13, 1999 AS THE DATE BY WHICH A PROOF OF CLAIM OR INTEREST IN THE FORM REQUIRED BY RULE 3001 . . . MUST BE FILED WITH THE BANKRUPTCY COURT IN ORDER FOR CREDITORS TO PARTICIPATE IN THE PLAN OF REORGANIZATION FILED BY ROBERT H. CALE**

> **PLEASE TAKE NOTICE THAT FAILURE TO COMPLY WITH THE COURT'S ORDER MAY RESULT IN YOUR BEING BARRED FROM PARTICIPATING IN THE VOTING OR DISTRIBUTION PROCESS RELATED TO THE PLAN**

> **IF YOU HAVE *ALREADY* FILED A PROOF OF CLAIM OR INTEREST, THERE IS NO REQUIREMENT THAT YOU DO SO AGAIN AS A RESULT OF THE COURT'S ORDER**

The bankruptcy court also sent notice of the Bar Date Order, which stated in part: "IF ANY CREDITOR HAS PREVIOUSLY FILED A CLAIM IN THIS CASE, IT WILL NOT BE NECESSARY TO FILE ANOTHER CLAIM." There is no dispute that Advantage Packaging and Molded Materials were served with the Bar Date Order, did not appeal from that order, and did not file a physical proof of claim before December 13, 1999.

On June 20, 2000, the bankruptcy court confirmed debtor's first amended plan of reorganization. In January 2001, debtor began making distributions to unsecured creditors. When Advantage and Molded Materials did not receive any distribution, each filed a motion in bankruptcy court for an order requiring payment of its claim, or, if necessary, relief from the Bar Date Order. The debtor responded on July 2, 2001.

On March 1, 2002, the bankruptcy court granted the motions of Advantage and Molded Materials and allowed the claims because they were "deemed filed" pursuant to 11 U.S.C. § 1111(a). *In re ATD Corp.*, 278 B.R. 758 (Bankr. N.D. Ohio 2002). The bankruptcy court's opinion opened with the statement that the debtor's interpretation of the Bar Date Order fails for three reasons: it allows the debtor to ignore the mandatory requirements of § 1111(a); it allows the debtor to ignore Fed. Bankr. R. P. 3003; and it permits debtor to avoid constitutionally required due process notice of objections to the scheduled claims. In analyzing the issues, however, the bankruptcy court expressly declined to decide whether a bankruptcy court has the power to ignore the directive of § 1111(a), and held that nothing in the Bar Date Order gave adequate notice that it was intended to override

provisions relieving the creditor of having to physically file a proof of claim. *Id.* at 761.[1]

The debtor appealed and the district court affirmed in an opinion and order dated June 12, 2002, on the grounds that the authority granted by § 105(a) did not include the power to contravene the clear language of § 1111(a). In conclusion, the district court observed that: "The plain fact is that the Debtor is seeking to enjoy a windfall by arguing for the disallowance of the claims of Advantage and Molding Materials, claims which it listed in its own schedules as non-contingent, undisputed and liquidated." This appeal followed.

**II.**

"When we review appeals from the decisions of a district court in a case originating in bankruptcy court, we directly review the decision of the bankruptcy court rather than the district court's review of the bankruptcy court's decision." *Stevenson v. J.C. Bradford & Co. (In re Cannon)*, 277 F.3d 838, 849 (6th Cir. 2002). The bankruptcy court's decision is independently reviewed, applying the clearly erroneous standard to the factual findings and a *de novo* review to the conclusions of law. *Id.*[2]

---

[1]In a footnote, the bankruptcy court suggested that an order requiring all creditors to physically file a proof of claim may be inconsistent with Bankruptcy Code. *Id.* at 758 n.3.

[2]The debtor argues that the creditors' motions should have been denied because they failed to appeal from the Bar Date Order within the 10-day appeal period. It was not the Bar Date Order that the creditors quarreled with, but the debtor's interpretation of that Order as applying to the creditors' claims despite their not having been required to file a proof of claim or interest under § 1111(a) and Bankr. Rule 3003. The creditors' motions sought an order declaring that the Bar Date Order did not affect their right to distribution under the plan, or, in the alternative, relief from the Bar Date Order pursuant to Fed. R. Civ. P. 60(b)(4). We are satisfied that the failure to appeal from the Bar Date Order itself did not preclude the creditors from moving for either allowance of their

Creditors whose claims are scheduled, but are not scheduled as disputed, contingent or unliquidated, are deemed to have filed a proof of claim or interest. Section 1111(a) states: "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated." Consistent with § 1111(a), Bankr. Rule 3003 provides both that the schedule of liabilities is "prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated"; and that while any creditor may file a proof of claim within the time set by the court, only a "creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated" *must* file a proof of claim within the time set by the court. Bankr. Rule 3003(b)(1), (c)(1), and (c)(2). In fact, subsection (b)(1) of Rule 3003 concludes by stating that: "It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c)(2) of this rule."

Debtor acknowledges that Advantage and Molded Materials were not required by either the Bankruptcy Code or the Bankruptcy Rules to physically file a proof of claim, but vehemently argues that the directive in the Bar Date Order that "all creditors" file a proof of claim by the bar date applied to these creditors notwithstanding § 1111(a) and Bankr. Rule 3003. For support, debtor relies on the grant of power in 11 U.S.C. § 105(a) authorizing bankruptcy courts to

issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any

_____

claims or relief from the Bar Date Order.

determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The bankruptcy court's broad equitable powers are nonetheless constrained to actions or determinations that are "not inconsistent" with the Bankruptcy Code. *See*, *United States v. Energy Res. Co.*, 495 U.S. 545, 549-50 (1990); *In re Dow Corning*, 280 F.3d 648, 658 (6th Cir. 2002); *In re Foremost Mfg. Co.*, 137 F.3d 919, 924 (6th Cir. 1998).

While one bankruptcy court has found it had authority under § 105(a) to order that proof of claims must be filed by all creditors notwithstanding § 1111(a), *In re McLean Enters, Inc.*, 98 B.R. 485 (Bankr. W.D. Mo. 1989), that court relied on pre-code authority and did not attempt to determine whether such an order would be inconsistent with § 1111(a). Like the bankruptcy court, we find it is unnecessary to decide whether a bankruptcy court can *ever* order proof of claims to be filed by creditors whose claims would be deemed filed under § 1111(a). Instead, we conclude that whether or not the bankruptcy court has the power to do so, the Bar Date Order entered in this case did not adequately notify creditors that they could not rely on § 1111(a) and Bankr. Rule 3003. *Accord In re Johnson*, 238 B.R. 462, 467 (Bankr. W.D. Mo. 1999) ("Nothing in the Order Setting Bar Date or the Order of Confirmation stated that either Order was intended to override the provisions of the Code and Rules upon which [the creditor] was justified in relying.")

Despite the fact that the Bar Date Order directed *all* creditors to file a proof of claim or interest by the bar date, there was no indication in either the Order or the notices pertaining to the Order that would advise creditors such as Advantage and Molded Materials that it applied to them notwithstanding § 1111(a) and Bankr. Rule 3003. Rather, such an implication was contradicted by the Order's statement that the bar date was being set pursuant to Bankr. Rule 3003. Nor was the intention that it apply to all creditors clarified by

the statement in the notices indicating that if a claim had already been filed it would not be necessary to file another claim.   We find no error in the bankruptcy court's determination that to construe the Bar Date Order as debtor urges would "run afoul" of the due process rights of these creditors to receive adequate and meaningful notice that they were required to physically file a proof of claim before the bar date. *In re ATD*, 278 B.R. at 763. *See also New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 297 (1953) ("But even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."); *In re Herd*, 840 F.2d 757, 759 (10th Cir. 1988) (notice containing obviously invalid bar date was not sufficient to reasonably convey the required information).

**AFFIRMED.**