**In Re Foster/Barbara PRICE, Debtor(s).**

**No. 05–37682.**

United States Bankruptcy Court, N.D. Ohio.

March 1, 2007.

Daniel H. Grna, Toledo, OH, for Debtor.

Ericka S. Parker, Toledo, OH, Trustee.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court after a Further Hearing on the Debtor's Motion to Enjoin Criminal Prosecution. In said Motion, the Debtor, Barbara J. Price, moved "this court for an order enjoining the City of Toledo from proceeding with any criminal prosecution against the debtor arising out of the debtor's alleged obligation to maintain and effectuate repairs

to 2127–2133 Collingwood, Ohio." (Doc. No. 59, at pg. 2). At the conclusion, the Court, after considering the arguments of the Parties as well as the evidence presented in this case, denied the Debtor's Motion. Pursuant to Bankruptcy Rule 7052, the following memorializes this Court's decision.

The uncontested facts as presented in this case show that on July 29, 2005, the Debtor filed a voluntary petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. The City of Toledo was named as a creditor in the Debtor's petition.

On or about September 8, 2005, the City of Toledo brought criminal charges against the Debtor. For this, two criminal complaints were filed against the Debtor based upon her failure to comply with a written order from the Division of Building Inspection to correct property maintenance violations and to make alterations and/or repairs pursuant to § 1367.01(b) of the Toledo Municipal Code. A violation of this provision is a misdemeanor of the first degree, punishable by up to six months in jail.

On December 8, 2005, an order of discharge was granted in the Debtor's favor. (Doc. No. 26). Approximately one year later, the Debtor filed the instant motion to enjoin the City of Toledo from pursuing its criminal action against her.

## DISCUSSION

The Debtor's Motion to Enjoin Criminal Prosecution invokes the discharge injunction of § 524(a). Determinations as to a violation of the discharge injunction are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. § 157(b)(2)/(O).

Section 524(a) operates to enjoin any act by a creditor to collect on a discharged debt to the extent that the recovery is sought as a personal liability of the debtor.[1] Purely criminal actions, however, are not encompassed within the purview of this injunction. *In re Allman,* 43 B.R. 840, 845 (Bankr.D.Colo.1984). The reason: a purely criminal action does actually involve the recovery of a debt. On the other hand, subterfuge is not allowed. And therefore, if the criminal action is brought solely to collect on a debt which has been discharged in a debtor's bankruptcy, § 524(a) will apply so as to enjoin such an action. *See In re Kilpatrick,* 160 B.R. 560, 570 (Bankr.E.D.Mich.1993) (the state cannot punish a debtor for failure to pay a debt dischargeable in bankruptcy).

As it is not always easy to differentiate between these two scenarios, this Court applies in such situations the principal motivation test. *See Batt v. American Rent–All (In re Batt),* 322 B.R. 776 (Bankr.N.D.Ohio 2005) (applying a similar test when involving the automatic stay of § 362(a)). Under this test, the relevant question becomes ascertaining whether the criminal prosecution is being brought to vindicate the public good or whether it is being brought as a guise to collect the debt for itself or one of its residents. As a

---

1. (a) A discharge in a case under this title—
   (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

   (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

litmus test, a primary point is whether the public health, safety and welfare are appreciably implicated, and whether the prosecutorial office has alleged more than a failure to pay a debt as a basis for its complaint. *Evans v. Bank or Eureka Springs et al.*, 245 B.R. 852, 857 (Bankr. W.D.Ark.2000).

■ When this inquiry was applied by the Court to the circumstances presented in this matter, the weight of the evidence tipped decisively in favor of the City of Toledo. No monetary sanction or obligation is set forth in either of the criminal complaints brought against the Debtor. The section under which the City of Toledo is pursuing the Debtor, Toledo Municipal Code § 1367.01(b), is also not of a pecuniary nature, instead providing:

> This chapter shall be construed to secure its expressed intent, which is to *ensure public health, safety and welfare* insofar as they are affected by the continued occupancy and maintenance of structures and premises in use groups regulated by the Ohio Basic Building Code. *Existing structures and premises that do not comply with these provisions shall be altered or repaired to provide a minimum level of health and safety as required herein* unless exempted in subsection (c) below.

(emphasis added). Additionally, the attorney representing the City of Toledo vehemently stressed that it was seeking to punish the Debtor, and not seeking to recover money that would be needed for repairs to the Debtor's property.

To be sure, as the Debtor points out, if she effectuated the required repairs to her property, which could cost upwards of $300,000.00, the criminal charges against her would most likely be dropped. However, this still misses the central point. When queried by the Court, the City of Toledo made it clear that it was only concerned that the necessary repairs to the Debtor's property were made and not the cost of the repairs or whether the Debtor paid the City of Toledo for the repairs. As opposed to a pecuniary component, this concern has the health and safety of the public as its primary focus.

■ Consequently, for these reasons, pursuing the Debtor for criminal violations of its Municipal Code is perfectly within the discretion of the City of Toledo, and is not of the type of action which is subject to the discharge injunction of § 524(a). Additionally, this Court's equitable powers under § 105(a), as cited by the Debtor as support for her action, do not provide an independent basis to enjoin the City of Toledo. As has been often said in one form or another: the general grant of equitable power to the bankruptcy courts, as contained in § 105(a), cannot trump specific provisions of the Bankruptcy Code, and must be exercised within the parameters of the Code itself. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169(1988) ("Whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); *ATD Corp. v. Advantage Packaging, Inc. (In re ATD Corp.)*, 352 F.3d 1062, 1066 (6th Cir.2003) (the bankruptcy court's broad equitable powers are constrained to actions or determinations that are not inconsistent with the Bankruptcy Code).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Motion of the Debtor, Barbara J. Price, to Enjoin Crimi-

nal Prosecution, be, and is hereby, DENIED.